# IN THE COURT OF APPEALS OF IOWA

No. 21-1908
Filed February 16, 2022

**IN THE INTEREST OF J.M. and E.K.,**
**Minor Children,**

**L.K., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Winneshiek County, Linnea M.N. Nicol, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Sandra Benzschawel of Meyer, Lorentzen & Nelson, Decorah, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Whitney L. Gessner of Gessner Law Office, Postville, attorney and guardian ad litem for minor children.

Considered by May, P.J., and Schumacher and Badding, JJ.

**MAY, Presiding Judge.**

A mother appeals the termination of her parental rights to her young children, E.K., born in 2017, and J.M., born in 2020. She challenges the statutory grounds supporting termination.[1] We affirm.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We consider: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

---

[1] The mother also argues the Iowa Department of Human Services (DHS) did not make reasonable efforts toward reunification. We do not address this issue because she did not raise her concerns to the juvenile court before the termination hearing. *In re E.H.*, No. 21-0467, 2021 WL 2709486, at *2 (Iowa Ct. App. June 30, 2021) (requiring reasonable-efforts challenges be raised before the court prior to termination hearings).

She also argues that, because DHS purportedly did not make reasonable efforts toward reunification, we should permit her another six months to achieve reunification. Because we consider her reasonable-efforts challenge waived, we need not address her proposed remedy.

Here, the mother claims the State failed to satisfy the statutory grounds authorizing termination. The juvenile court terminated the mother's parental rights to both children pursuant to Iowa Code section 232.116(1)(h) (2021). It authorizes termination of parental rights when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h). The mother only challenges the fourth element. It is satisfied when the State establishes the children cannot be safely returned to the parent at the time of the termination hearing. *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020).

We agree with the juvenile court that E.K. and J.M. could not have been safely returned to their mother. Although the mother has made some progress, she has not reached the level of stability necessary to safely care for her two young children.

For one thing, the mother's relationship with J.M.'s father has been unsteady at best and dangerous at worst. In the past, E.K. felt it necessary to intervene when the mother and J.M.'s father argued—placing E.K. in a vulnerable situation. This seems to be part of a larger pattern in which the mother's relationship with J.M.'s father takes priority over the needs of her children.

Additionally, the mother's housing has been unstable. At the time of the termination hearing, the mother had not secured permanent housing for herself. She had not yet obtained a crib for J.M. either. During visits, the mother has sometimes been unable to provide basic necessities for the children. And the mother has not progressed beyond supervised visitation.

All of these issues seem tied to the mother's serious mental-health needs. She has a history of diagnoses for bipolar disorder, schizoaffective disorder, and multiple personality disorder. She has reported seeing "spirits" and has sometimes presented herself as an alternate personality. The mother now receives weekly treatment for anxiety, depression, and post-traumatic stress disorder. Much of her treatment has focused on "crisis management," or learning to cope with the day-to-day struggles the mother experiences any given week. Care providers have recommended the mother participate in additional treatment, but she has been unable to begin because of the high level of instability in her life. Although the mother attempted in-patient substance-abuse treatment, she decided the program "wasn't for her."

Considering all this, we believe the State showed by clear and convincing evidence that J.M. and E.K. could not have been returned to their mother. Grounds for termination were satisfied. And the mother does not challenge the juvenile court's best-interests determination. Nor does she argue that an exception to termination should be applied. So we do not consider those steps in our analysis. We affirm the juvenile court.

**AFFIRMED.**